UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARIS MORTON,

Plaintiff,

v.

JAMES E. CRITTERDEN,

Defendant.

Case No. 2:23-cv-00210-GMN-EJY

**ORDER and**

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Complaint and application to proceed *in forma pauperis*. ECF Nos. 1-2, 4. The Court has also reviewed Plaintiff's Motion for Appointment of Counsel. ECF No. 1-3.

I.   ***IN FORMA PAUPERIS* APPLICATION**

On February 9, 2023, Plaintiff, an inmate, filed an application to proceed *in forma pauperis*. ECF No. 1. The application was incomplete and denied without prejudice. ECF No. 3. On March 3, 2023, Plaintiff filed a complete *in forma pauperis* application (ECF No. 4), which is granted.

II.   **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). Under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id.* However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The standard for dismissing a complaint for failure to state a claim upon which relief can be granted is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that

the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.   DISCUSSION

A.   Background.

Plaintiff contends in her Complaint that she is engaged in the commercial publishing industry and reproduces, distributes, and sells copyrighted literary compositions and published works. ECF No. 1-2 at 2. Plaintiff asserts that sometime in June 2022 Defendant stole a manuscript written by Plaintiff in violation of Plaintiff's rights under 17 U.S.C. § 106(1) and (3) to reproduce and distribute the manuscript. *Id.* Plaintiff argues that Defendant has committed direct and contributory infringement of Plaintiff's work and is liable for damages under the theory of vicarious liability. *Id.*

Plaintiff contends that she and Defendant had an understanding that required Defendant to retain possession of Plaintiff's life memoir, titled "The World of Paris," but Defendant would return the manuscript to Plaintiff when it was ready for publication. *Id.* at 3. Plaintiff says that during the summer of 2022, she repeatedly attempted to communicate with Defendant to secure the return of her manuscript to no avail. *Id.* at 3-4. Plaintiff contends her life has been the subject of much media attention and that the proceeds generated from her autobiography are potentially lucrative. *Id.* at 4.

This chance for profit, according to Plaintiff, is the reason Defendant refuses to return the manuscript. *Id.*

Instead of helping Plaintiff publish the memoir, as he promised to do, Plaintiff accuses Defendant of sharing excerpts of the manuscript over social media and allowing third parties to publish details of the contents. *Id.* at 5. Plaintiff avers that these actions constitute direct infringement, as Defendant and the parties were able to profit financially from the disclosure of Plaintiff's proprietary information. *Id.* Plaintiff contends she has obtained verification through conversations with these third parties that Defendant intended all along to profit from the unauthorized publication of Plaintiff's memoir. *Id.* at 5-7.

Because Defendant stole a manuscript that was owned by Plaintiff, ownership Defendant allegedly acknowledged in an email to counsel for Plaintiff, and has prevented Plaintiff from reproducing and distributing her manuscript, Plaintiff contends Defendant is liable for damages under 17 U.S.C. § 501. *Id.* at 8-9. Plaintiff further accuses Defendant of not engaging in the fair use of her copyrighted work, reiterating her allegations that he illegally stole, and disseminated details of her memoir. *Id.* at 11-12. Plaintiff argues that the four factors under 17 U.S.C. § 107 used to analyze whether Defendant's dissemination of Plaintiff's work constitutes fair use weigh in favor of a finding that Defendant did not engage in a fair use of Plaintiff's memoir.[1] *Id.* at 12-20.

Plaintiff argues that because Defendant knowingly encouraged and assisted third parties in infringing upon the rights of Plaintiff regarding her memoir, Defendant should be held liable under a theory of contributory infringement. *Id.* at 21-22. Plaintiff also avers that Defendant is vicariously liable for the copyright infringement of Plaintiff's memoir that was committed by the third parties because he stood to gain financially each time disclosures were made and because Defendant was able to supervise his social media account and its content and chose not to do so. *Id.* at 23-25.

As a result of this alleged copyright infringement, Plaintiff seeks an injunction preventing Defendant from any further infringement of Plaintiff's work, monetary damages of not more than $150,000, and criminal charges against Defendant under 18 U.S.C. § 2319.

---

[1] Plaintiff cites the four factors as the purpose and character of the use of the memoir, the nature of the memoir, the amount and substantiality if the portion of the memoir used in relation to the work as a whole, and the effect of the use upon the potential market or value of the memoir.

B.      <u>The Court Recommends Dismissal Without Prejudice of Plaintiff's Complaint</u>.

Under federal law, copyright protection applies to "original works of authorship fixed in any tangible medium of expression," including "literary works" and "dramatic works."  17 U.S.C. § 102(a).  "An author gains exclusive rights in her work immediately upon the work's creation, including rights of reproduction, distribution, and display." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (internal quotation marks omitted), *citing* 17 U.S.C. § 106; *Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003).

17 U.S.C. § 501 authorizes copyright owners to bring an action to enforce their exclusive rights against copyright infringement.  Such an action, however, cannot "be instituted until preregistration or registration of the copyright claim has been made [with the United States Copyright Office] in accordance with" Title 17.  17 U.S.C. §411(a).  "[A]lthough an owner's rights exist apart from registration, … registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights…." *Fourth Estate*, 139 S. Ct. at 887.  If a complaint for copyright infringement fails to include an allegation that the plaintiff registered the copyright, then the complaint must be dismissed.  *Roblox Corp. v. WowWee Group Ltd.*, Case No. 22-cv-04476-SI, 2023 WL 2433970, at *4 (N.D. Cal. Mar. 9, 2023).  A complaint may be amended to allege that a copyright was registered before the case was initiated.  *Id. citing Izmo, Inc. v. Roadster, Inc.*, Case No. 18-cv-06092-NC, 2019 WL 2359228, at *1-2 (N.D. Cal. June 4, 2019).  A plaintiff may not register a copyright after commencing an infringement action and then file an amended complaint alleging that he or she has complied with 17 U.S.C. § 411.  *Id. citing id.*

While Plaintiff's Complaint contains numerous factual allegations relating to potential claims of copyright infringement under 17 U.S.C. § 501, the Complaint does not contain any allegation that Plaintiff registered a copyright for her memoir with the United States Copyright Office.  Consequently, Plaintiff has not complied with 17 U.S.C. § 411, and her Complaint must be dismissed without prejudice but with leave to amend.  Any amended complaint must include

allegations that Plaintiff registered a copyright of her memoir with the Copyright Office prior to the commencement of the instant lawsuit.[2]

> C.  The Court Recommends Dismissal Without Prejudice of Plaintiff's Motion for Appointment of Counsel.

Plaintiff requests the Court appoint pro bono counsel because the issues in this case are complex, she cannot adequately present the claims without assistance of counsel, and she is unable financially to retain private counsel. ECF No. 1-3 at 2. Plaintiff asserts that video and phone records must be gathered and an expert must be retained to discuss the economic impact of Defendant's actions on Plaintiff. Plaintiff seeks a protective order that requires return of certain emails between Defendant and Plaintiff's counsel in a separate criminal case. *Id.* at 3-4. Plaintiff contends she does not know how to execute any of these tasks. *Id.* at 4. Plaintiff says she is not familiar with intellectual property law and this lack of knowledge could make it difficult for her to apply the law to the facts of this case. *Id.* at 4-5.

Federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 306 (1989). A court may request the voluntary assistance of counsel for a plaintiff proceeding *in forma pauperis* but only under exceptional circumstances. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate together the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

---

[2]     If Plaintiff seeks to assert claims under state law arising from the facts pleaded in her instant Complaint, she must demonstrate that federal preemption of state and common law copyright causes of action does not apply. *See* 17 U.S. § 301(a). There is a two-part test used in the Ninth Circuit to determine whether § 301 preempts a state law claim. "First, we decide whether the subject matter of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. … Second, assuming it does, we determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (internal quotation marks and citations omitted). To survive preemption, a state law claim must contain an "extra element" that makes the right asserted qualitatively different from the rights protected under federal copyright law. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (holding that contractual causes of action are typically unaffected by federal copyright preemption).

Plaintiff's lack of adequate legal knowledge and the potential complexities of litigation, concerns shared by many *pro se* plaintiffs, do not rise to the standard of exceptional circumstances. *Garcia v. Las Vegas Metropolitan Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020); *Zamaro v. Moonga*, 656 Fed. Appx. 297, 299 (9th Cir. 2016). "While any *pro se* … [Plaintiff] … would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed." *Anderson v. Nev.*, Case No. 3:16-cv-00056-RCJ-WGC, 2017 WL 11479417, at *2 (D. Nev. Nov. 22, 2017) (internal citation omitted). "So long as a *pro se* litigant is able to articulate his claims against the relative complexity of the matter, the exceptional circumstances that might require the appointment of counsel *do not exist.*" *Rimer v. State of Nevada ex rel. Nevada Dep't of Corrections*, Case No. 2:14-cv-00889-RFB-CWH, 2015 WL 51014, at *2 (D. Nev. Jan. 2, 2015) (internal citation and quotation marks omitted) (emphasis in original).

Here, a review of Plaintiff's Complaint indicates that she currently fails to state a claim. Under these circumstances, appointment of pro bono counsel would be premature.  The Court denies Plaintiff's Motion for Appointment of Counsel without prejudice.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 1-3) is DENIED without prejudice.

**V.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-2) be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **May 15, 2023** to file an amended complaint in accordance with the discussion above.  Plaintiff is advised that if she chooses to file an amended complaint it must be complete in and of itself.  This means all facts supporting all claims **must** be contained in the amended complaint.  The Court cannot look back to Plaintiff's original Complaint for any purposes because, upon filing the amended complaint,

Plaintiff's original Complaint is nullified.  If Plaintiff does not file an amended complaint on or before **May 15, 2023**, the Court will recommend the case be dismissed without prejudice.

DATED this 10th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).