**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARIS MORTON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:23-cv-00210-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| JAMES E. CRITTERDEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Two Reports and Recommendations from United States Magistrate Judge Elayna J. Youchah are currently pending before the Court. The first Report and Recommendation (R&R), (ECF No. 5), recommended dismissing Plaintiff's Complaint without prejudice.[1] The second R&R, (ECF No. 6), recommended that this matter be dismissed without prejudice for failure to comply with the Court's April 10, 2023, Order.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United*

---

[1] The first R&R included an Order from the Magistrate Judge granting Plaintiff's application to proceed *in forma pauperis* and denying Plaintiff's Motion for Appointment of Counsel. (*See* Order and First R&R, ECF No. 5).

*States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections to either R&R were filed, and the deadlines to do so have passed. (*See* Min. Orders, ECF Nos. 5–6) (setting April 24, 2023, and June 5, 2023, deadlines for objections). The Court therefore ADOPTS the first R&R. But because the first R&R merely recommended dismissing the complaint with leave to amend, the Court REJECTS the second R&R. Plaintiff must still be given an opportunity to amend the complaint.[2]

Accordingly,

**IT IS HEREBY ORDERED** that the first Report and Recommendation, (ECF No. 5), is **ADOPTED in part**, with a modification as stated below to provide Plaintiff additional time to file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-2), is **DISMISSED without prejudice**. Plaintiff shall have until **September 30, 2023**, to file an amended complaint in accordance with the Magistrate Judge's Order and Report and Recommendation, (ECF No. 5). Failure to timely file an amended complaint will result in this case being closed.

**IT IS FURTHER ORDERED** that the second Report and Recommendation (ECF No. 6), is **REJECTED in full**.

Dated this  30   day of August, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Although the second R&R states, "The Court explained if Plaintiff failed to comply with the Order [and first R&R], it would recommend dismissal of this action without prejudice," (Second R&R 1:18–19, ECF No. 6), the Court had not "ordered" that it would recommend dismissal. Rather, in the Order and first R&R, the Court "*recommended* that Plaintiff be given through and including May 15, 2023, to file an amended complaint." (Order and First R&R 6:24–25) (emphasis added). A recommendation is not an order, and thus Plaintiff has not yet been afforded additional time to amend the complaint. *See Anderson v. Nevada*, No. 22-16856, 2023 WL 3092307, at *1 (9th Cir. Apr. 26, 2023); (Order 3:2–3, ECF No. 6 in *Wiley v. Las Vegas Police Dep't et al.*, No. 2:23-cv-141-GMN-EJY) ("A plaintiff cannot be penalized for failing to follow a recommendation of a magistrate judge that was not yet adopted by the district judge.").